IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                    Case No. 4:13-cr-00167-02 KGB

DANIEL GLENN CAPLE                                                                          DEFENDANT

**ORDER**

Before the Court is defendant Daniel Glenn Caple's second motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 268). The government responded in opposition (Dkt. No. 272). At the Court's request, the government provided under seal Mr. Caple's medical records (Dkt. Nos. 273, 276). For the following reasons, the Court denies Mr. Caple's second motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 268).

**I.   Background**

On or about August 31, 2015, Mr. Caple pled guilty to two counts of possession of a firearm in furtherance of a crime of violence, specifically in this case Hobbs Act robberies, in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. Nos. 171, 172). Mr. Caple was sentenced in February 2016 to 361 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 205, 206).[1] Mr. Caple did not appeal his sentence.

In the pending motion, Mr. Caple states that he should be granted compassionate release because he has been diagnosed with a terminal illness and because there are other extraordinary and compelling reasons for his release (Dkt. No. 268, at 4). He maintains that he has been diagnosed with a brain tumor (*Id.*, at 5). Mr. Caple attaches a proposed release plan. Mr. Caple

---

[1] At the time Mr. Caple was sentenced, the Honorable Leon Holmes presided over this case. The case was reassigned after Judge Holmes's retirement (Dkt. No. 242). Mr. Caple was sentenced to 60 months on Count 14, 300 months on Count 16, and 1 month in *United States v. Daniel Caple*, Case No. 4:15-cr-00213.

also attaches a response to an Inmate Request To Staff Member form dated October 19, 2021, which Mr. Caple maintains establishes that he exhausted his administrative remedies with the BOP prior to filing his motion seeking compassionate release with this Court (Dkt. No. 268, at 15-17). The government argues that this Court lacks jurisdiction over Mr. Caple's request and that, even if this Court has jurisdiction over his request, compassionate release is not warranted in this case (Dkt. No. 272).

**II.    Discussion**

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

>   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent
>
>   that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Caple.

### A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Caple seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Caple seeks relief from this Court under the CARES Act, the Court denies his motion.

### B. Compassionate Release

The Court also has limited authority to consider requests pursuant to the compassionate release provision of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1). To the extent that Mr. Caple seeks release under this provision, the Court denies without prejudice his request for failure to exhaust his administrative remedies based on the record before the Court at this time. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (holding that the First Step Act's exhaustion requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it" and that the court must dismiss without prejudice an unexhausted compassionate release motion); *see also United States v. Cox*, Case No. 4:98-cr-73-DPM, 2020 WL 5371180, at *3 (E.D. Ark. Sept. 8, 2020) (dismissing for lack of jurisdiction an unexhausted motion for compassionate release); *United States v. Jenkins*, Case No. 4:15-cr-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) (same).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for

extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Mr. Caple asserts that on or about October 12, 2020, he submitted a petition for compassionate release to the warden of his BOP facility, which the warden denied on or about October 19, 2020 (Dkt. No. 268, at 3). Mr. Caple attaches the warden's response dated October 19, 2020, to his motion. In the response attached to his motion, the warden indicates that Mr. Caple sought "clarification of 924(c) penalty provisions Section 403, relate to sentencing reform provisions reduces the severity of the 'stacking' of multiple 924(c) offenses." (Dkt. No. 268, at 15). The Court notes, however, that Mr. Caple attaches an, undated "Request to Staff" to his motion in which he asks the warden to "file a petition for [compassionate release 3582. Extraordinary and compelling circumstance]" in which Mr. Caple asserts that he has a brain tumor (Dkt. No. 268, at 16).

The government argues that the exhaustion requirement is jurisdictional, and Mr. Caple's

attempts to exhaust with the warden are insufficient to satisfy the exhaustion requirement because the issues he raised with the warden are not the issues that Mr. Caple raises in the instant motion (Dkt. No. 272, at 4-5).  The government attaches to its response a request to staff dated September 28, 2020, in which Mr. Caple requested a petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for reduction in his sentence because of changes made pursuant to the First Step Act of 2018 that changed the sentencing range for second or consecutive 18 U.S.C. 924(c) convictions (Dkt. No. 272-1, at 1).  In the warden's response, the same warden's response attached to Mr. Caple's motion, he explains that based on the circumstances of his offense, he does not believe Mr. Caples is eligible for compassionate release (*Id*., at 2).

On the record before the Court, Mr. Caple did not submit a request for compassionate release to the BOP based on an alleged brain tumor that he characterizes as a terminal illness in his current motion for compassionate release.  The government has raised properly Mr. Caple's failure to exhaust his administrative remedies.  Accordingly, on the current record the Court denies without prejudice any request by Mr. Caple for compassionate release for lack of jurisdiction.

Even if this Court were to have jurisdiction over Mr. Caple's current request for compassionate release, the Court would deny his request.  As the Court noted in its Order denying Mr. Caple's prior motion for compassionate release, although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition

is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Caple in his motion states that he has a terminal illness and cites an alleged brain tumor. Mr. Caple's medical records indicate, however, that an MRI of Mr. Caple's brain performed in February 2021 showed "normal MRI appearance" (Dkt. No. 276). Mr. Caple's medical records do not indicate that he has a terminal illness, much less that he has health conditions severe enough to be "extraordinary and compelling" based on the record before the Court.

Further, as the Court pointed out in its Order denying Mr. Caple's previous motion for compassionate release, Mr. Caple is 29 years old and has completed only a fraction of the sentence imposed. He meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Mr. Caple does not argue that he meets either of these requirements. The Court recognizes Mr. Caple's circumstances and concerns. However, these circumstances and concerns, taken alone or together, do not present "extraordinary and compelling" reasons for release.

After reviewing the evidence in the record, the Court again finds that, even if Mr. Caple could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Caple, and protecting the public from additional crimes by Mr. Caple. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c). Although Mr. Caple's prior convictions were misdemeanors for shoplifting and public intoxication, the instant offenses to which he pled guilty and for which he was sentenced are significant. On January 4, 2013, feigning that his car broke down, Mr. Caple, putting a gun to an individual's head, robbed Mabelvale Automotive at gunpoint. During a struggle, the gun discharged, but Mr. Caple was able to escape on foot with $4,000.00. On January 10, 2013, Mr. Caple, dressed in all black and wearing a ski mask, robbed a gas station. He threatened to kill people inside, discharged the weapon at the feet of some people, and escaped with an "arm load" of cigarettes and cash. A day later, Mr. Caple robbed Bestway Rent-to-Own at gunpoint, taking $954.49. Further, while receiving a psychiatric evaluation for this offense, Mr. Caple assaulted a federal officer, which resulted in charges in a second case, *United States v. Caple*, Case No. 4:15-cr-00213. Based on the record before the Court and for the reasons explained in this Order and in its pervious Order, the Court denies his motion for compassionate release at this time (Dkt. No. 268).

### III.     Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Caple's second motion for compassionate release (Dkt. No. 268).

So ordered this 23rd day of May, 2022.

_____
Kristine G Baker
United States District Judge