IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                              Case No. 4:13-cr-00167-02 KGB

DANIEL GLENN CAPLE                                                                        DEFENDANT

**ORDER**

Before the Court are several pending motions filed by defendant Daniel Glenn Caple. On or about August 31, 2015, Mr. Caple pled guilty to two counts of possession of a firearm in furtherance of a crime of violence, specifically in this case Hobbs Act robberies, in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. Nos. 171, 172). Mr. Caple was sentenced in February 2016 to 361 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 205, 206).[1] Mr. Caple did not appeal his sentence. The Court examines each of Mr. Caple's pending motions in turn.

**I.     Motion To Appoint Counsel**

Mr. Caple filed motions to appoint counsel, requesting assistance with post-conviction and post-sentencing issues in his case (Dkt. Nos. 256, 266, 269). At this stage, Mr. Caple is not entitled to the appointment of counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, (1987); *Baker v. United States,* 334 F.2d 444, 447–48 (8th Cir. 1964). The Court declines to exercise its discretion to appoint counsel for Mr. Caple and denies his motions to appoint counsel (Dkt. No. 256, 266, 269).

---

[1] At the time Mr. Caple was sentenced, the Honorable Leon Holmes presided over this case. The case was reassigned after Judge Holmes's retirement (Dkt. No. 242). Mr. Caple was sentenced to 60 months on Count 14, 300 months on Count 16, and 1 month in *United States v. Daniel Caple*, Case No. 4:15-cr-00213.

## II.     Motions Requesting Federal Documents

Mr. Caple filed motions requesting copies of federal documents (Dkt. Nos. 257, 261). In his first motion, Mr. Caple requests a copy of the indictment "[a]s well as court ordered restitution that my codefendants have paid." (Dkt. No. 257, at 2). The Court grants, in part, and denies, in part, the motion (Dkt. No. 257). The Court directs the Clerk to mail to Mr. Caple a copy of the docket sheet, a copy of the indictment (Dkt. No. 1), and a copy of the judgment entered in Mr. Caple's case (Dkt. No. 206). The Court denies Mr. Caple's request for copies of documents indicating amounts paid by his codefendants as restitution in this case; those documents are not filed with the Court.

The Court grants, in part, and denies, in part, Mr. Caples' motion requesting a copy of several other documents filed in his case (Dkt. No. 261). The Court grants Mr. Caple's motion for copies of Docket Nos. 1, 20, 26, 40, 67, and 68. The Court denies Mr. Caple's motion for copies of his financial affidavit and psychiatric report because those documents are not part of the public record (Dkt. Nos. 20, 123).

## III.    Motion Pursuant To 28 U.S.C. § 2255

Mr. Caple filed a *pro se* 28 U.S.C. § 2255 motion (Dkt. No. 267). Mr. Caple was sentenced by the Court, and the Court entered judgment, on February 10, 2016 (Dkt. Nos. 205, 206). He filed his 28 U.S.C. § 2255 motion on February 22, 2021 (Dkt. No. 267). The timing for filing such a motion is set forth in 28 U.S.C. § 2255(f). Generally, a § 2255 petition is timely if it is filed by a federal prisoner within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). Mr. Caple's § 2255 motion is untimely. The Court denies the motion (Dkt. No. 267).

### IV. Motions For Documents Regarding Restitution

Mr. Caple filed motions for documents regarding court-ordered restitution and receipts of transactions of court-ordered restitution (Dkt. No. 277, 279, 290). Mr. Caple also filed motions for restitution receipts (Dkt. No. 283, 302). The Court in this Order previously directed the Clerk to send to Mr. Caple a copy of the judgment entered in his case, which addresses the restitution order and makes clear that Mr. Caple is ordered to pay restitution jointly and severally with his co-defendants. The Court denies Mr. Caple's request for restitution receipts because those receipts are not docketed with the Court.

### V. Motion For Order

Mr. Capel filed a notice which the Clerk of the Court construed as a motion for order (Dkt. No. 289). In the notice, Mr. Capel complains about the court-ordered restitution and the length of his sentence (Dkt. No. 289). Mr. Capel also provides details about his plan to launder the COVID relief funds he received to prevent the funds from being used to make court-ordered restitution payments (*Id*., at 5-9). Mr. Capel does not seek relief from the Court in the notice. Accordingly, the Court denies as moot the motion for order (*Id*.).

### VI. Motion For Extension Of Time

Mr. Caple filed a motion for extension of time, requesting additional time to gather his medical records and documentation he claims relevant to his medical condition in an effort to support a motion for reconsideration of this Court's denial of his motion for compassionate release

(Dkt. No. 278).  Mr. Caple has now filed his motion for reconsideration, so the Court denies as moot his motion for extension of time (Dkt. No. 278).

### VII.     Motion For Release

Mr. Caple filed a motion for release (Dkt. No. 284).  In his motion, Mr. Caple requests that the Court grant him immediate release from the BOP, help him with halfway house programming for his release to society, and provide to probation supervised release contact information (*Id.*).  Mr. Caple essentially claims that a new law went into effect that changes his mandatory minimum guidelines and overturns his 25 year sentence.  The Court denies Mr. Caple's motion for release, having addressed by separate Orders Mr. Caple's multiple motions for compassionate release and denying his request for relief under the First Step Act (*Id.*).

### VIII.    Motion For Relief Under The First Step Act

Mr. Caple filed a motion for relief under the First Step Act (Dkt. No. 292).  Mr. Caple claims that "everybody keeps telling" him that they "did away with stacking mandatory minimum gun charges." (*Id.*, at 1).  Mr. Caple argues that he is entitled to relief under the First Step Act and that his 18 U.S.C. § 924(c) mandatory minimum charge should be overturned (*Id.*).  For the reasons explained in the Court's separate Order denying Mr. Caple's motion for compassionate release, the Court denies Mr. Caple's request for relief under the First Step Act (*Id.*).

### IX.      Motion To Correct Docket

Mr. Caple filed a motion to withdraw Dkt. No. 290-1 processed and filed on October 29, 2021 (Dkt. No. 295).  The Court observes that there is Dkt. No. 290, but there is not a Dkt. No. 290-1.  Therefore, the Court denies as moot Mr. Caple's motion to correct docket (*Id.*).

**X.      Motion For Reconsideration Regarding Release**

Mr. Caple filed a motion seeking reconsideration of the denial of his prior motions for release (Dkt. No. 303).  Mr. Caple does not argue that there has been an error of law or an error in fact regarding the Court's prior rulings on Mr. Caple's many motions requesting release.  For these reasons, the Court denies Mr. Caple's motion for reconsideration (*Id.*).

**XI.     Conclusion**

For the foregoing reasons, the Court:

(1)    Denies Mr. Caple's motions for appointment of counsel (Dkt. Nos. 256, 266, 269);

(2)    Grants, in part, and denies, in part, Mr. Caple's motion requesting federal documents (Dkt. No. 257);

(3)    Grants, in part, and denies, in part, Mr. Caple's second motion requesting federal documents (Dkt. No. 261);

(4)    Denies Mr. Caple's 28 U.S.C. § 2255 motion (Dkt. No. 267);

(5)    Denies Mr. Caple's motions for documents regarding restitution (Dkt. Nos. 277, 279, 283, 290, 302);

(6)    Denies Mr. Caple's motion for order (Dkt. No. 289);

(7)    Denies as moot Mr. Caple's motion for extension of time (Dkt. No. 278);

(8)    Denies Mr. Caple's motion for release (Dkt. No. 284);

(9)    Denies Mr. Caple's motion for relief under the First Step Act (Dkt. No. 292);

(10)   Denies Mr. Caple's motion to correct docket (Dkt. No. 295); and

(11)   Denies Mr. Caple's motion for reconsideration regarding release (Dkt. No. 303).

So ordered this 23rd day of May, 2022.

_____
Kristine G Baker
United States District Judge